*Attorney General Bruton and Assistant Attorney General Roun-tree for the State.*

*Fate J. Beal for defendant, appellant.*

PER CURIAM. Defendant's motion for judgment of nonsuit was properly overruled. The only evidence was that offered by the State. It was sufficient, if accepted by the jury, to support findings as to all essential matters alleged in the warrant. Assignments of error relating to rulings on evidence and portions of the charge do not disclose prejudicial error. Discussion of these assignments in detail is deemed unnecessary. The verdict and judgment will not be disturbed.

No error.

---

A. L. BERRIER v. ROY M. HILTON, ADMR. OF M. M. MURPHY
AND
PEARL M. BERRIER v. ROY M. HILTON, ADMR. OF M. M. MURPHY.

(Filed 2 November, 1960.)

APPEAL by defendants from *Johnston, J.,* at June 1960 Civil Term, of DAVIDSON.

Civil action instituted by plaintiffs against defendants to recover for certain personal services alleged to have been performed by them for the benefit of M. M. Murphy, *non compos mentis,* under guardianship, the defendant's intestate.

The cases were consolidated for trial, and submitted to and answered by the jury upon these two issues: "What amount, if any, is the plaintiff A. L. Berrier entitled to recover of the defendant? Answer: $3,500.

"What amount, if any, is the plaintiff Pearl Berrier entitled to recover of the defendant? Answer: $11,000."

To judgments entered in favor of the respective plaintiffs in accordance therewith the defendant in each case excepted and appeals to Supreme Court, and assigns error.

*Walser & Brinkley for plaintiff appellees.*
*Wilson & Saintsing for defendant, appellant.*

PER CURIAM. Careful consideration of the record of the case on

appeal here under review fails to disclose error for which the judgments entered in Superior Court should be disturbed. Hence in the said judgments there is

No error.

—

CARL C. JACKSON, ADMINISTRATOR OF THE ESTATE OF JOSEPH E. TAYLOR, DECEASED v. THOMAS E. STANCIL, JR., D/B/A STANCIL FLYING SERVICE, AND JOSEPH MORENA RIVERA

AND

DEWARD SMITH v. THOMAS E. STANCIL, JR., D/B/A STANCIL FLYING SERVICE, AND JOSEPH MORENA RIVERA.

(Filed 9 November, 1960.)

**1. Aviation § 3—**

Evidence tending to show that the pilot of a plane, notwithstanding written warning that the auxiliary tank was to be used in level flight only, was using the auxiliary tank while reducing altitude and going into a bank preparatory to landing, that he failed to observe that the auxiliary tank indicator was standing on empty, that when the power failed he became excited and used the available seconds in attemping to switch tanks instead of giving attention to making a "dead stick" landing, etc., *is held* sufficient to be submitted to the jury on the question of his negligence.

**2. Same—**

While a carrier is not liable for error of judgment of the pilot which does not constitute positive negligence in exercising such judgment, the carrier is liable if the pilot, by his negligent conduct, creates a situation requiring the formation of a judgment and then errs in the exercise thereof.

**3. Same—**

The State Court has jurisdiction of an action between residents to recover for negligent injury and death in an airplane crash occurring in another state while the plane was on a trip under contract made in this State. G.S. 63-16, G.S. 63-24.

**4. Same—**

The liability of an owner or pilot of an aircraft for injury or death of a passenger must be based on negligence which is the proximate cause of the injury or death, determined by the rules applicable to negligence in general, and such carrier is not an insurer of the safety of his passengers.

**5. Same—**

The doctrine of *res ipsa loquitur* does not apply to an airplane crash,